UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAHTEEK STANFORD,

                Petitioner,

  v.
                                             9:16-CV-1160
                                             (TJM)
THOMAS GRIFFIN,

                Respondent.

---

APPEARANCES:                              OF COUNSEL:

JAHTEEK STANFORD
12-A-4858
Petitioner, Pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

HON. ERIC T. SCHNEIDERMAN        ALYSON J. GILL, AAG
Attorneys for Respondent
Office of the Attorney General
120 Broadway
New York, New York 10271

THOMAS J. McAVOY
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      On January 13, 2017, Petitioner Jahteek Stanford filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with the filing fee. Dkt. No. 9,

Amended Petition ("Am. Pet.").[1] In his amended petition, petitioner challenges his 2012 judgment of conviction in Albany County Court, for the crimes of Murder in the Second Degree, Attempted Murder in the First Degree, and Assault in the First Degree. *Id.* at 1. According to petitioner, he is currently serving a sentence of 50 years to life as a result of this conviction. *Id.*

In his amended petition, petitioner raises the following five grounds for habeas relief: petitioner was denied due process as a result of prosecutorial misconduct during the People's summation (Ground One); the trial court erred in denying petitioner's for-cause challenge of a juror during jury selection (Ground Two); the conviction was not supported by legally sufficient evidence (Ground Three); petitioner received ineffective assistance of counsel due to (1) his counsel's failure "to object to the prosecutions misconduct during summation" and (2) counsel's failure "to object to the Court's jury instructions that omitted a proper instruction on circumstantial evidence." (Ground Four). *Id.* at 5-10. For a more complete statement of petitioner's claim, reference is made to the amended petition.

Petitioner has now filed a motion seeking a stay of the amended petition until his C.P.L. § 440.10 motion to vacate judgment is decided in state court. Dkt. No. 11, Motion for Stay. Respondent does not oppose the motion. Dkt. No. 12. For the reasons that follow, the motion for stay is GRANTED.

## II.   ANALYSIS

When a district court is presented with a "mixed petition" containing both exhausted

---

[1] Petitioner's original petition, filed September 15, 2016, was administratively closed on December 15, 2016 by Order of this Court. *See* Dkt. No. 8, Order. Petitioner was directed to pay the filing fee and/or file a completed IFP application, as well as file an amended petition within 30 days to "identify whether he properly exhausted his claims prior to raising them in a federal habeas petition." *Id.* at 3.

and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 275, 277.

In petitioner's motion to stay the habeas proceedings, petitioner claims his amended petition includes "both exhausted and unexhausted claims." Dkt. No. 11, at 1. He maintains that the stay is necessary while he exhausts claims currently pending before state court in a N.Y. C.P.L. § 440.10 motion. *Id.* According to petitioner, he raised the following claims of ineffective assistance of counsel in his Section 440.10 motion: (1) counsel was operating under a conflict of interest; (2) counsel erroneously pursued a justification defense "when a defense of extreme emotional disturbance was much more viable;" (3) counsel erred in placing petitioner on the stand to "admit a stabbing without justification;" (4) counsel failed to object during the People's summation; and (5) counsel failed to object to the trial court's circumstantial evidence charge." *Id.* at 2-3.[2] According to the response filed by respondent, petitioner's motion to vacate judgment was denied on March 8, 2017, and petitioner's application for leave to appeal to the Appellate Division is still pending. Dkt. 14, Respondent's Letter Response.

Petitioner asserts that he filed his amended petition prior to completing his state court

---

[2] The Court notes that only grounds Four and Five of petitioner's C.P.L. § 440 motion are included as claims in petitioner's Amended Petition. Only those grounds remain unexhausted for purposes of determining whether a stay is warranted. If petitioner intends to raise any additional claims contained in his Section 440 motion, petitioner must properly file a motion to amend his petition pursuant to the Federal and Local Rules of Civil Procedure.

3

collateral attack on the judgment to ensure that the habeas petition was timely under AEDPA. Dkt. No. 12, at 1-3; *see Pace v. DiGuglielmo*, 544 U.S. 408, 416-417 (2005). Petitioner states that he filed his Section 440 motion in state court on January 11, 2017, less than a month before the statute of limitations under AEDPA was set to expire, and appears to argue that if he waited for the state court to complete review of his claims prior to filing this petition, the amended petition would be untimely Pet. at 1-3.

Under *Pace v. DiGuglielmo*, a prisoner seeking state post-conviction relief may file a protective petition in federal court and ask the court to stay and abey the federal proceedings until state remedies are exhausted. *Pace*, 544 U.S. at 416, *citing Rhines v. Weber,* 544 U.S. 269, 277-78 (2005). Generally, when presented with a "mixed petition" containing both exhausted and unexhausted claims, a district court may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber,* 544 U.S. 269, 277 (2005); *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics," then the district court "should stay, rather than dismiss, the mixed petition." *Rhines*, 544 U.S. at 278. The court must consider both the timeliness of any subsequent petition if the petition were dismissed, and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition. *Zarvela,* 254 F.3d at 378-79. If the court determines that dismissal would "jeopardize the timeliness of a collateral attack," it should stay the petition and condition the stay upon petitioner both filing in state court, and returning to federal court within a specified time period. *Zarvela,* 254 F.3d at 380 (quotation and other citation omitted).

Under the circumstances presented in this case, the Court finds that a stay is warranted. For purposes of 28 U.S.C. § 2244, a state conviction generally becomes "final" when certiorari is denied by the United States Supreme Court or when the time to seek certiorari has expired, which is ninety days after the date direct review of the case has been completed by the highest court in the state. *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009), *cert. denied* 131 S. Ct. 899 (2011); *Williams v. Artuz,* 237 F.3d 147, 151 (2d Cir. 2001). Petitioner's conviction became final on February 2, 2016, ninety days after the New York Court of Appeals denied leave to appeal on November 4, 2015. Petitioner had one year, or until February 2, 2017, to file a timely habeas petition. Petitioner filed his C.P.L. § 440 motion on January 11, 2017, twenty-two (22) days before AEDPA's one-year statute of limitations was set to expire, thereby tolling the limitations period while the motion is pending. Am. Pet. at 1-3.

Dismissal of the petition without prejudice at this point would likely result in any future petition being subject to dismissal as time-barred under AEDPA, as petitioner would only have twenty-two days left to file the petition. Additionally, the Court cannot say, based on the submissions before it and the fact that petitioner's application for leave to appeal his Section 440 motion is currently pending in Appellate Division, that petitioner's unexhausted claims are plainly meritless, and it does not appear that Petitioner has engaged in any dilatory tactics. *Pace*, 544 U.S. at 416; *Rhines*, 544 U.S. at 277.

Accordingly, petitioner's motion to stay his petition is granted. Federal courts should not, however, be turned into a "jurisdictional parking lot" for unexhausted claims. *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (quoting *Baity v. McCary*, No. 1:02-CV-1817, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002) (internal citations and quotations

5

omitted); *see also Raucci v. Kirkpatrick*, No. 9:16-CV-0031 (BKS), 2016 WL 204495, at *3 (N.D.N.Y. Jan. 15, 2016).  Accordingly, petitioner must advise the Court in writing **every thirty (30) days** of the status of the pending state court proceedings, including the date upon which any decisions are reached in those proceedings.  **Within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's applications has reached a decision,[3] petitioner must notify the Court in writing of the decision(s).  Petitioner is cautioned that if he fails to comply with the terms of this Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings.

**WHEREFORE**, it is

**ORDERED** that Petitioner's motion to stay the petition (Dkt. No. 11) is **GRANTED**; and it is

**ORDERED** Petitioner must continually advise the Court, in writing **every thirty (30) days,** of the status of the pending state court proceedings, including the date upon which any decision(s) are reached; and it is

**ORDERED** that **within thirty (30) days** of the date upon which the final state court capable of reviewing Petitioner's applications has reached a decision, Petitioner must notify the Court of that decision; and it is

**ORDERED**, that if petitioner fails to comply with the terms of this Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings.

---

[3] To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*)(quoting *Picard v. Connor*, 404 U.S. 270, 275 (1981)).

**IT IS SO ORDERED**.

Dated:   April 4, 2017

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge